IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

CARL J. HASKINS JR.

08- 472

vs.

STATE OF DELAWARE;
DELAWARE BOARD OF
PAROLE; DELAWARE
DEPARTMENT OF CORR-
ECTIONS.

FILED
JUL 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PETITION FOR TEMPARARY RESTRAING ORDER
AND PRELIMINARY INJUNTION

NOW COMES CARL J. HASKINS JR. PRO-SE TO MOVE THIS HONORABLE COURT TO GRANT HIS TEMPARARY RESTRAING ORDER AND PRELIMINARY INJUNTION TO ENJOIN THE STATE OF DELAWARE; DELAWARE BOARD OF PAROLE; AND DELAWARE DEPTMENT OF CORRECTIONS FROM APPLYING ANY EX POST FACTO LAWS OR CONDITIONS TO HIS UP-COMING CONDITIONAL RELEASE AS THE CONSTITUTION ARTICAL I SECTION 10 OF THE CONST. STATES AND ON THE FOLLOWING GROUNDS:

1. THE BOARD OF PAROLE OF DELAWARE WITHOUT NOTIFYING HASKINS APPLYED SENTAC SENTENCING GUIDE- LINES TO HASKINS LAST CONDITIONAL RELEASE, HASKINS

2.

IS DUE FOR CONDITIONAL RELEASE AGAIN AND DOES NOT WANT THE ILLEGAL SENTAC APPLYED TO HIM BECAUSE:

A. HASKINS ALLEGED CRIME WAS TO HAVE TAKEN PLACE FEB 5, 1985 AND SENTAC (SEE EXHIBIT (1) DID NOT GO INTO LAW UNTIL OCT 1987. (SENTAC LAW 1987 EX 4 pg 1 & 2).

B. HASKINS SENTENCE BEGAN DEC 10, 1985 AND THEREFORE SENTAC IS EX POST FACTO TO HIS SENTENCE, ALONG WITH IT WAS NOT IN HIS SENTENCING ORDER (SEE EXHIBIT (2).

C. SUPERIOR COURT OF NEW CASTLE COUNTY RULED IN HASKINS VS. PAROLE BOARD OF DELAWARE THAT THE SENTAC SENTENCING GUIDE LINES WERE EX POST FACTO TO HASKINS CASE (SEE EXHIBIT (3); AND THE SUPREME COURT OF DELAWARE BY AFFIRMING SUPERIOR COURTS RULING WITHOUT STATING ANY EXCEPTIONS AGREEDED WITH THE SUPERIOR COURT RULING IN 633: 2007.

2. THIS TRO IS ALSO TO PREVENT THE PAROLE BOARD OF DELAWARE FROM APPLYING EX POST FACTO LAWS AND CONDITIONS TO HASKINS CASE.

A. SINCE 1994 ALL STATES HAVE PASSED LAWS TO LIMIT THE ACTIVITY OF SOME CRIMINALS DO TO THEIR CHARGES. THE BOARD OF PAROLE WITHOUT JUDICIAL AUTHORITY APPLYED ARBITRARILY THESE EX POST FACTO LAWS (AND IN VIOLATION TO THE UNITED STATES CONSTITUTIONAL PROTECTION OF

3.

THE PETITIONERS 5th AMENDMENT RIGHT) TO ANYONE AND THE DELAWARE COURTS HAVE SAID IT IS OK AGAIN AGAINST THE U.S. CONSTITUTION LAW ARTICAL 1 SECTION 10.

3. HASKINS HAS FILED FOR THIS <u>TEMPORARY RESTRAINING ORDER</u> FOR SEVERAL REASONS AS STATED ABOVE AND THE OTHERS ARE:

A. THE LAW HASKINS WAS CHARGED WITH WAS <u>REWRITTEN</u> AND WENT INTO EFFECT JULY 9, 1986. ON AUG. 20, 1986 HASKINS WAS REINDICTED IN ORDER TO PLACE TWO "STATUTORIALY REQUIRED WORDS" IN HIS INDICTMENT, THAT WERE MISSING FROM HIS FIRST GRAND JURY INDICTMENT.

B. HERE LIES THE PROBLEM OF THE CASE AND THE ADDITIONAL BASES FOR THE TRO:

1. WHEN HASKINS WAS REINDICTED, THE DELAWARE DEPARTMENT OF JUSTICE (ATTORNEY GENERALS OFFICES) WROTE THE NEW INDICTMENT, THEY COMMITTED THE ACT OF FRAUD. THEY PURPOSEFULLY VIOLATED HASKINS 5th AMENDMENT PROTECTION AGAINST EX POST FACTO LAWS AND VIOLATED HIS 5th AMENDMENT RIGHT TO A CONSTITUTIONAL VALID GRAND JURY INDICTMENT. SEE <u>UNITED STATES VS MILLER</u> 105 S.CT 1811 (1985); <u>IN RE GRAND JURY PROCEEDINGS</u> 142 F. 3d 1416, 1424-25 (11th Cir 1998); <u>STIRONE V. UNITED STATES</u> 80 S.CT. 270, 273 (1960).

IN RE GRAND JURY PROCEEDINGS 142 F.3d 1146 1424-25. "[12] Historically, the Grand Jury has opperated as an autonomous body, independent of the Court or Prosecutors."

> Here we have the Delaware Department of Justice AKA State Prosectors are actually writing the Grand Jury Indictments for the State of Delaware to prosecute with. Thus violating United States Constitutional Procedures for obtaing a Grand Jury Indictment. (See Exhibit, page 2)

IN STIRONE vs. UNITED STATES 80 S.Ct. 270, 273 (1963). (Explaning that constitutional right to Grand Jury Indictment "Presppoees." Group of fellow citizens acting independently of either Prosecting Attorney or Judge)."

> Here as stated above - the Prosectors are writing the indictments which in itself is a strong conflict of intrest, but a more serious violation is they actully present the indictment to the Grand Jury.

IN UNITED STATES vs. CALANDRA 94 S.Ct 613, 617 (1974) ("No judge presides to monitor [Grand Jury] Proceedings. It deliberates in secret and may determine alone the course of it's inquiry").

> By the Prosecutors writing and Presenting the Indictment to the Grand Jury this truly violates any secret action by the Grand Jury.

5.

THE FORGOING DOES NOTHING BUT TO ESTABLISH THE FACT DELAWARE COULD NOT NOR DID NOT PROSECUTE HASKINS WITH A VALID UNITED STATES CONSTITUTIONAL GRAND JURY INDICTMENT.

EVEN BEFORE WE GET TO THE GRAND JURY PROCEDUREAL PROBLEMS, WE HAVE A DEPUTY ATTORNEY GENERAL COMMITTING FRAUD IN THE ILLEGAL OBTAINED INDICTMENT.

THEREFORE HASKINS INDICTMENT BESIDES BEING FRAUDULENT, IS TRULY ILLEGALY OBTAINED IN VIOLATION OF HIS 5th AMENDMENT RIGHT TO THE GRAND JURY CLAUSE OF THE UNITED STATES CONSTITUTION AND IN VIOLATION OF HIS 5th AMENDMENT AGAINST THE APPLACATION OF Ex Post Facto LAWS AND OF COURSE IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW.

THEREFORE THE LIKENESS OF HASKINS WINNING HIS ARGUMENT ABOUT THE INDICTMENT BEING FRAUDULENT AND INVALID IS VERY STRONG AND THEREFORE THE COURT BASED ON THESE FACTS AND EVIDENCE HERE SHOULD GRANT THE TRO TO HASKINS.

RESPECTFULLY Submitted

July 24, 2008

Carl J. Haskins Jr

1301 EAST 12th St.

WILM. DEL 19802

## CERTIFICATE OF SERVICE

I, Carl J Haskins, hereby certify that I have served a true and correct copy of the motion upon the following party, on the 24, day of July 2008

*************************************************************

** Circle the Department of Justice you are serving**

| Deputy Attorney General | Deputy Attorney general | Deputy attorney general |
| Department of Justice | Department of Justice | Department of Justice |
| 820 North French Street | 102 West water Street | 114 East market Street |
| Wilmington, DE 19801 | Dover, DE 19901 | Georgetown, DE 19947 |

July 24, 2008
Date Signed

Signature ████ (Notary not required)

REINDICTMENT

RULE 9 SUMMONS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| THE STATE OF DELAWARE ) | |
| ) | |
| v. ) | REINDICTMENT BY THE GRAND JURY |
| ) | |
| CARL J. HASKINS ) | |

86012667

The Grand Jury charges CARL J. HASKINS with the following offenses, felonies:

COUNT I.     I #N 86-08-0702

RAPE FIRST DEGREE in violation of Title 11, Section 764 of the Delaware Code of 1974, as amended.

CARL J. HASKINS, a male, on or about February 5, 1985, in the County of New Castle, State of Delaware, did intentionally engage in sexual intercourse with ███████████, a female, without her consent [in that she was less than 16 years old] and the victim was not the defendant's voluntary social companion on the occasion of the crime. [LAST TWO ELEMENTS MISSING THEY ARE STATUTORIALY REQUIRED TO PROVE THE CHARGE]

LANGUAGE EX POST FACTO FROM JULY 9, 1986 LAW

COUNT II.     I #N 86-08-0703

RAPE FIRST DEGREE in violation of Title 11, Section 764 of the Delaware Code of 1974, as amended.

CARL J. HASKINS, a male, between late July and early August, 1985, in the County of New Castle, State of Delaware, did intentionally engage in sexual intercourse with ███████████,

Exhibit 1 page 1

a female, without her consent [in that she was less than 16 years] *EX POST FACTO FROM 1986 July 9 LAW*

old, and the victim was not the defendant's voluntary social companion on the occasion of the crime. [*LAST TWO ESSENTIAL ELEMENTS MISSING*]

<u>COUNT III.</u>   *I#N 86-08-0704*

ATTEMPTED RAPE FIRST DEGREE, in violation of Title 11 of the Delaware Code of 1974, as amended.

CARL J. HASKINS, a male on or about the 17th day of August, 1985, in the County of New Castle, State of Delaware, did intentionally attempt to engage in sexual intercourse with ███████, a female, without her consent [in that she was █ years old,] *Ex Post Facto Language From 1986 Law* by attempting to insert his penis into her vagina, and the victim was not the defendant's voluntary social companion on the occasion of the crime and she had not previously permitted him sexual contact, which act, under the circumstances as the defendant's believed them to be, was a substantial step in a course of conduct planned to culminate in his commission of Rape First Degree.

A TRUE BILL

_____
(Foreman)

_____
Charles M. Oberly, III
ATTORNEY GENERAL

_____
DEPUTY ATTORNEY GENERAL

*EXHIBIT 1 PAGE 2*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| STATE OF DELAWARE | CR. A. NO. IN86060702 |
|---|---|
| V. | SENTENCING ORDER |
| CARL J HASKINS | ORIGINAL CHARGE: ▓▓▓▓▓▓ |
| DOB: 10/27/43 DEF. I.D.: 86012667 SBI NO.: 00211803 | |

ORDER

NOW THIS 22ND DAY OF SEPTEMBER, 1989, IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

THE DEFENDANT IS TO PAY COSTS OF PROSECUTION.

EFFECTIVE DECEMBER 10, 1985 THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 25 YEARS .

IF THE DEFENDANT IS PRESENTLY SERVING ANOTHER SENTENCE, THIS SENTENCE SHALL BEGIN AT THE EXPIRATION OF SUCH OTHER SENTENCE BEING SERVED.

_____
JUDGE
Jerome O. Herlihy

SENTAC FORM NO. S-3                                    PAGE 1 OF 1

EXHIBIT B (2)

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | CRIMINAL ACTION NUMBER |
| | ) | |
| v. | ) | IN-86-08-0702 |
| | ) | |
| **CARL J. HASKINS** | ) | |
| | ) | ID No. 86012667DI |
| Defendant | ) | |

*Submitted: August 9, 2006*
*Decided: September 26, 2006*

### MEMORANDUM OPINION

*Upon Petition of Defendant for Writ of Certoriari -* ***DENIED***

HERLIHY, Judge

*Exhibit 3 Cover page*

part of the record in a *certiorari* proceeding.[16]

The docket history in this case does not show Haskins challenged the October 2001 Board decision to place him on Level III while serving parole. And he was serving parole, not conditional release, his offense and sentence predated the enactment of the Truth In Sentencing Act.[17] Any challenge now, therefore, to the Board's actions in 2001 or that authority of its then chairperson, is manifestly untimely.[18]

For reasons Haskins does not explain or for which he misquotes statutes, his sentence did not expire in 2001. He was still on parole and his time in jail and on parole expires in 2010 when the 25 years ends.[19] Therefore, there was no improper revocation of his parole in 2005.

Further, since Haskins was still on parole in 2005, the Board had jurisdiction over him. If the Board found a violation - the substance of which is unreviewable on *certiorari* - it has the authority to revoke his parole.[20] The record before the Court reveals no irregularity in the Board's proceedings nor does Haskins really allege any. The Board's

---

[16] *Handloff v. City Council of City of Newark*, 2006 WL 2052685 (Del. Super.), at *2.

[17] 11 *Del. C.* § 4216(d); 67 *Del. Laws C.* c. 130, sec 3.

[18] One challenge Haskins now raises is that the 2001 parole order placed him on Level 3. He argues that was unauthorized since his crime was in 1985 and the various levels of sanction (Level 4, 3, 2, and 1) did not take effect until after 1985. He is correct that the more delineated levels of sanction were enacted later, specifically in 1987. 66 *Del. Laws* c. 134.

[19] 11 *Del. C.* § 4347(i).

[20] 11 *Del.C.* § 4352(d).



EXHIBIT (3)

SUPREME COURT OF DELAWARE

ANDREW D. CHRISTIE
CHIEF JUSTICE

THE ELBERT N. CARVEL
DELAWARE STATE BUILDING
820 NORTH FRENCH STREET
P. O. BOX 1897
WILMINGTON, DELAWARE 19899

## ADMINISTRATIVE DIRECTIVE NUMBER SEVENTY-SIX

This 15th day of September, 1987.

It Appearing that:

The Sentencing Accountability Commission (hereinafter referred to as the Commission) was established by the enactment into law of Senate Bill No. 434, as amended by Senate Amendment No. 2, on July 18, 1984, (64 Del. Laws ch. 402); and

The Commission has been charged with developing "sentencing guidelines consistent with the overall goals of ensuring certainty and consistency of punishment commensurate with the seriousness of the offense and with due regard for resource availability and cost," (11 Del.C. § 6580(c)); and

The Commission, pursuant to its mandate, has developed and approved sentencing standards as set forth in its Master Plan for Effective Sentencing Reform in Delaware, dated May 1, 1986, the primary thrust of which was the development of a five level scheme of punishment designated as Accountability Levels I through V; and

The recommendations of the Commission could not be implemented in the Court's view before legislation was enacted providing for such a scheme of punishment; and

The necessary legislation, Senate Bill No. 71, as amended by Senate Amendment No. 1, was signed into law by the Governor on July 10, 1987, effective, by its provisions, 90 days after its enactment (66 Del. Laws ch. 134); and

The Court is satisfied that it is in the best interests of the administration of justice to encourage Delaware's trial courts to implement, insofar as possible, the Commission's sentencing standards.

NOW, THEREFORE, IT IS DIRECTED, with the approval of the members of the Supreme Court (Del. Const. art. IV, § 13) that such implementation be effected under the following conditions:

Exhibit 4) page (1)

-6-

1. Commencing on October 10, 1987, all trial courts of this State shall, insofar as possible, sentence adult defendants appearing before the courts in accordance with the sentencing standards recommended by the Commission. A report of each sentence imposed by the trial judge shall be transmitted to the Commission on the forms provided by the Commission.

2. Any judge who finds a particular sentencing standard inappropriate in a particular case because of the presence of aggravating or mitigating or other relevant factors need not impose a sentence in accordance with the standards but such judge shall set forth with particularity the reasons for the deviation using the forms provided by the Commission.

3. The sentencing standards are considered voluntary and nonbinding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards.

4. The Commission or designated staff personnel thereof shall, before October 10, 1987, meet with the judges and appropriate court personnel of each court subject to this Directive for orientation and training on the procedures necessary for the proper implementation and utilization of the proposed sentencing standards.

5. The Commission shall analyze the data compiled as a result of the implementation of this Directive and shall submit its findings and recommended revisions to the sentencing standards to the Delaware Supreme Court on or before July 1, 1988 and annually thereafter unless otherwise directed by that Court.

6. This Directive shall be in effect until otherwise ordered by the Delaware Supreme Court.

_____
Chief Justice

ADC/emr

cc: Judicial Conference
    Sentencing Accountability Commission
    Administrative Office of the Courts
    Court Administrators
    Clerk of the Delaware Supreme Court
    Anthony G. Flynn, Esquire

RECEIVED
EP 16 1987
OFFICE OF
F MAGISTRATE

-7-

Exhibit 4 page(2)

Cyril J Haskins Jr
1301 East 12th St
Wilm DE 19802

United States District Court
844 No. King Street
Wilm. Del 19801